IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SANTANDER BANK N.A.,

    Plaintiff,

    v.

STEVE M. HOSANG,

    Defendant.

CIVIL NO. 15-1981(NLH)(AMD)

OPINION

VLADIMIR VELASCO PALMA
PHELAN HALLINAN & SCHMIEG PC
400 FELLOWSHIP ROAD
SUITE 1100
MT. LAUREL, NJ 08054
    On behalf of plaintiff

STEVE M. HOSANG
29 SHARPLESS BLVD.
WESTAMPTON, NJ 08060
    Defendant appearing *pro se*

**HILLMAN, District Judge**

    Defendant, Steve M. Hosang, appearing *pro se*, removed plaintiff Santander Bank, N.A.'s foreclosure action against him to this Court from the New Jersey Superior Court, Chancery Division. Presently pending before the Court is the motion of plaintiff to remand the action, as well as defendant's motion for default judgment. For the reasons expressed below, plaintiff's motion will be granted, and defendant's motion denied as moot.

**BACKGROUND**

    According to plaintiff's complaint, on April 22, 2005,

plaintiff entered into a promissory note for the sum of $188,180.00 with defendant for a property located in Westampton, NJ.[1]  The Mortgage was modified with a Mortgage Modification Agreement with payment to start on January 1, 2012.  The Note provided that if the defendant defaulted by failing to pay any monthly payments, the bank could require immediate and full repayment of the remaining balance of $179,969.69.  On October 1, 2013, defendant failed to make a payment, and then stopped all further payments, resulting in default on the loan.

On June 20, 2014, plaintiff filed for foreclosure in the Superior Court of New Jersey, Chancery Division, Burlington County.  Defendant removed the case to this Court on March 17, 2015, contending that this Court could exercise subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1443 because plaintiff violated defendant's civil rights.  On May 7, 2015, defendant moved for default judgment against plaintiff.

Neither plaintiff nor the Superior Court was aware that defendant had removed the action, however, and on May 26, 2015, plaintiff moved for and was granted final judgment in the Superior Court on its foreclosure claim.  Shortly thereafter, plaintiff learned that defendant had removed the case to this Court, and it has since filed an opposition to defendant's

---

[1] At the time of the Note, Santander Bank was known as Sovereign Bank.

2

motion for default judgment and has moved to remand the matter for lack of subject matter jurisdiction.  Defendant has opposed plaintiff's motion.

## DISCUSSION

Even though defendant contends in his notice of removal that this Court may exercise subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1443[2], defendant's brief attempts to also premise subject matter jurisdiction on 28 U.S.C. § 1332(a).  Recognizing that removal of a case from state to federal court is governed by 28 U.S.C. § 1441, and § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal jurisdiction is honored, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp.,

---

[2] 28 U.S.C. § 1443 provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

913 F.2d 108, 111 (3d Cir. 1990)), the Court finds that neither provision establishes subject matter jurisdiction over plaintiff's state court foreclosure action.

First, with regard to defendant's contention that the matter presents a federal issue giving rise to jurisdiction under 28 U.S.C. § 1443, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").  Moreover, is well-settled that "a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826, 831-32 (2002) (explaining that "[a]llowing a counterclaim to establish 'arising under' jurisdiction would [] contravene the longstanding policies underlying our precedents," as "[i]t would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim").

Here, defendant's notice of removal advances defenses, and

4

presumed counterclaims, to plaintiff's foreclosure action based on plaintiff's alleged violations of federal law, but plaintiff's foreclosure complaint does not give rise to any federal issues.  Consequently, defendant's removal of plaintiff's complaint based on 28 U.S.C. § 1443 is improper.[3]

To the extent that defendant is seeking to amend his notice of removal to aver that this Court may exercise subject matter jurisdiction over the case based on diversity under § 1332(a), defendant's New Jersey citizenship makes that impossible.  "A civil action otherwise removable solely on the basis of § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Thus, this Court lacks subject matter

---

[3] See also Green Tree Servicing LLC v. Dillard, --- F.3d ---, 2015 WL 849044 (D.N.J. 2015) (dismissing removed foreclosure complaint for lack of subject matter jurisdiction despite defendants' contention that the litigation would require the consideration of disputed federal questions because the face of the plaintiff's complaint did not identify any federal question); Oliver v. American Home Mortg. Servicing, Inc., 2009 WL 4129043, 4 (D.N.J. 2009) (citing N.J. Ct. R. 4:30 ("entire controversy doctrine"); N.J. Ct. R. 4:64-5 (requiring "germane" counterclaims must be joined in a foreclosure)) (explaining that if plaintiff were to argue that his claims cannot be brought as a counterclaim to a foreclosure action in the Chancery Court, it would be for the Chancery Court to decide whether such claims could be advanced. If the Chancery Court judge determined that such claims could not be maintained in the foreclosure action, and no appeal was taken, the claims could have then been severed and transferred to the Law Division).

jurisdiction under both 28 U.S.C. §§ 1443 and 1332(a).

## CONCLUSION

For the reasons expressed above, plaintiff's motion to remand will be granted, and defendant's motion for default judgment will be denied as moot.  An appropriate order will be entered.


Date: July 30, 2015                    s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.